MUMFORD *against* BOWNE, et al.

What proof of the records of a court of vice-admiralty, sufficient.    Parol
evidence of the contents of papers collateral to the merits of the cause,
sufficient.

ASSUMPSIT, on a policy of insurance on profits.

The vessel had been captured 'and carried into Bermuda,
and there acquitted by the admiralty court.   Immediately
upon information of her capture, she was abandoned by
the plaintiff to the defendant and the Columbian Insurance
Company, the insurers on ship and cargo.   After her ac-
quittal at Bermuda, she arrived safe at New York, and
was sold by the Columbian Insurance Company, under the
abandonment.

To prove these facts, the plaintiff first produced a copy
of the vice-admiralty records, and proved the hand-writing
of the judge, and of the register of the court, to the certi-
ficate, that the papers were a true copy from the records.
This was objected to, as being insufficient.   But VAN NESS,
J., decided that the proceedings were sufficiently proved.(1)

(1) The proceedings offered in evidence in this case, being the proceedings
of an admiralty court, which is a court acting under the law of nations, the
seal proved itself without further authentication, because they are courts of
the whole civilized world, and every person, interested, is a party.  Peake's
Law of Ev., 72.   There is a distinction, in this particular, between the evi-
dence of the proceedings of a civil or municipal court of a foreign country

As to the other facts of the insurance at the Columbian office, abandonment there, &c., the plaintiff offered parol proof.

*P. W. Radcliff* objected to the plaintiff's giving parol proof of the insurance and abandonment. The papers ought to be produced.

VAN NESS, J. Parol evidence of the contents of papers

and those of a court acting under the law of nations; though proof of the seal of the former may be required, (*Henry* v. *Adey*, 4 Esp. 229; 3 East. 221; *Delafield* v. *Hand*, 3 Johns. 310; *Church* v. *Hubbard*, 2 Cr. 229,) that of the latter is always considered as evidence, without further proof. *Colden* and *Emmet*, Arguendo *Gardere* v. *Columbian Insurance Company*, 7 Johns. 517. In the case of *Gardere* v. *Columbian Insurance Company*, the sentence of the vice-admiralty court, at Antigua, was proved by the production of a copy under the seal of the court, signed by the actuary, in the absence of the register, accompanied by proof of the seal and signature of the actuary; the proof, therefore, being so ample, the court declared it unnecessary to notice the distinction, raised by the counsel in the argument, between foreign municipal tribunals and courts of admiralty. The accuracy of the distinction, however, seems to be unquestionable. In *Yeaton* v. *Fry*, in the supreme court of the United States, (5 Cranch, 343,) this distinction is recognized. In that case an exception had been taken, in the court below, to the proof of the proceedings of the vice-admiralty of Jamaica, and the point came before the court on a writ of error. In the court below, the proceedings were proved by the production of a certified copy under the seal of the court, authenticated by the certificate of the judge as to the official character and authority of the deputy register, and by a notarial certificate as to the official character of the judge. C. J. Marshall, in pronouncing the opinion of the court in this case, observes: " The sentence is sufficiently authenticated to be received in evidence. Being a court acting under the law of nations, its proceedings may be proved according to the mode observed in the present case; and were this doubtful, that doubt would be removed by the circumstance, that it is the form stipulated by the treaty of 1791, art. 19. In a prior case, (*Church* v. *Hubbart*, 2 Cranch, 237,) the same doctrine is admitted, by the counsel on both sides, but the case was ultimately decided on other grounds.

Mumford v. Bowne.

may be given, where they do not form the foundation of the cause, but merely relate to some collateral fact.(2)

*S. Jones,* for the plaintiff.

*P. W. Radcliff,* for the defendants.

(2) In *Southwick* v. *Stevens,* for a libel, (10 Johns. 443,) the judge at *nisi prius,* allowed the plaintiff to prove, by parol, the averment in his declaration, "that he was state printer, and president of the Mechanic's and Farmer's Bank." And the admissibility of this evidence having been made a point on a motion for a new trial, the court decided that parol proof was admissible. That those facts were only inducement, and introduced as collateral matter, and not as matter in issue, and that the practice is not to require such strict technical proof of collateral facts, as if they were facts in issue. That it is every day's practice, to give parol proof in such cases of matters of fact, susceptible even of proof of the most solemn kind. Vide *post, People* v. *Gilbert,* 191.